Carl D. **BOULDIN**, Sr., Appellant,

v.

**BEXAR COUNTY SHERIFF'S CIVIL SERVICE COMMISSION**,
Appellee.

No. 04–99–00110–CV.

Court of Appeals of Texas,
San Antonio.

Nov. 24, 1999.

Rehearing Overruled Dec. 21, 1999.

E. B. Barretto, Law Offices of Sinkin & Barretto, P.L.L.C., San Antonio, for Appellant.

Magda L. DeSalme, Asst. Crim. Dist. Atty., San Antonio, for Appellee.

Sitting: CATHERINE STONE, Justice, SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice.

## OPINION

Opinion by: CATHERINE STONE, Justice.

Carl Bouldin, Sr. (hereinafter "Bouldin") appeals from a trial court's order dismissing his civil service suit for lack of jurisdiction. Finding that Bouldin's suit was not timely filed pursuant to section 158.037(a) of the Texas Local Government Code, we affirm the trial court's order of dismissal.

### FACTS

In 1995, Bouldin, a Bexar County Detention Officer, was terminated from the Bexar County Sheriff's Department for a family violence incident. In January 1997, the charge arising out of the incident was dismissed in county court due to insufficient evidence to prove bodily injury. Bouldin then petitioned the Bexar County Sheriff's Civil Service Commission ("Commission"), seeking reinstatement and back pay. On December 9, 1997, the Commission conducted an evidentiary hearing on Bouldin's appeal and decided to deny his appeal, thereby upholding his termination. A written order reflecting the Commission's decision was signed and entered on January 21, 1998.

On February 25, 1998, thirty-five days after the date the Commission's order was

entered, Bouldin filed suit in the district court, seeking de novo review of the Commission's decision, reinstatement, back pay, and attorney's fees. The Commission responded by filing a general denial and asserting several affirmative defenses. The Commission also asserted a plea to the jurisdiction, arguing that the trial court lacked subject matter jurisdiction because Bouldin's suit was not filed within thirty days of the date of the Commission's decision as required by section 158.037(a) of the Texas Local Government Code. The trial court granted the Commission's plea to the jurisdiction, dismissing Bouldin's suit for lack of jurisdiction. This appeal follows.

## JURISDICTION

■■■ The right to appeal the decision of an administrative agency is a statutory right. *See United Indep. School Dist. v. Gonzalez*, 911 S.W.2d 118, 122 (Tex.App. San Antonio 1995), *writ denied per curiam*, 940 S.W.2d 593 (Tex.1996). Where, as in the instant case, the Legislature has created a right to appeal from an administrative decision, the applicable statutory provisions are mandatory and exclusive and must be complied with fully for the action to be maintainable. *Id.* (citing *Texas Catastrophe Property Ins. Ass'n v. Council of Co–Owners of Saida II Towers Condominium Ass'n*, 706 S.W.2d 644, 646 (Tex.1986); *Mingus v. Wadley*, 115 Tex. 551, 558, 285 S.W. 1084, 1087 (1926)). Bouldin was thus required to comply with the applicable provisions of the Local Government Code in order to seek appellate review of the Commission's decision.

Section 158.037(a) of the Local Government Code sets forth the appellate procedure available to an aggrieved employee who seeks appellate review of a commission's disciplinary action. It provides:

> An employee who, on a *final decision* by the commission, is demoted, suspended, or removed from a position may appeal the decision by filing a petition in

a district court in the county *within 30 days after the date of the decision.* Tex. Loc. Gov't Code Ann. § 158.037(a) (Vernon 1999) (emphasis added). In challenging the trial court's order of dismissal, Bouldin argues that the time to file suit under section 158.037(a) begins to run, not when a written order is signed and entered, but rather when the aggrieved employee *receives* notice of the decision to be appealed. Bouldin contends this interpretation promotes fairness and justice because a party's appellate timetable will not run until he knows whether an appealable decision has been rendered. In the instant case, Bouldin received notice of the Commission's written decision on February 3, 1999, and suit was filed on February 25, 1999. Bouldin thus concludes that his petition was timely under section 158.037(a) because it was filed within thirty days of the date he received written notification of the Commission's decision. We reject Bouldin's proposed interpretation of section 158.037(a) as it finds no support in the plain language of the statute.

■■■ To give full effect to legislative intent, we construe a statute according to its plain language. *RepublicBank Dallas, N.A. v. Interkal*, 691 S.W.2d 605, 607 (Tex. 1985). In doing so, this court will not insert additional words into a statute unless it is necessary to give effect to clear legislative intent. *See Hunter v. Fort Worth Capital Corp.*, 620 S.W.2d 547, 552 (Tex.1981); *H & C Communications, Inc. v. Reed's Food Int'l*, 887 S.W.2d 475, 479 (Tex.App.San Antonio 1994, no writ). Words in statutes have their ordinary meaning unless the statute defines them or they are connected with and used with reference to a particular trade or subject matter or are a term of art. TEX. GOV'T CODE ANN. § 311.011 (Vernon 1998).

■■■ The triggering event for the limitations period set forth in section 158.037(a) is the date of the *final decision* of the Commission. Bouldin's argument proposes that finality of a Commission's decision attaches once the aggrieved em-

ployee is in receipt of the Commission's written decision. We disagree. Such an interpretation impermissibly adds language to section 158.037. *See Hunter,* 620 S.W.2d at 552. Section 158.037 clearly provides that the thirty-day window in which an employee must file his petition in the district court runs from the date of the Commission's final decision, not when such decision is received. Although the statute does not define what constitutes a final decision, it is clear in the instant case that the Commission's final decision was rendered on January 21, 1998, the date of the signed written order, which affirmatively and unambiguously upheld Bouldin's termination. Thus, section 158.037's statutory timetable began to run from that date, making Bouldin's petition due to be filed in the district court on or before by February 20, 1998. *See* TEX. LOC. GOV'T CODE ANN. § 158.037(a) (Vernon 1999). Bouldin's petition was filed on February 25, 1998.

Because Bouldin's petition was not filed with the district court within thirty days of the date of the Commission's written order, the petition was not timely and the district court properly determined it lacked jurisdiction over the suit. *See Gonzalez,* 911 S.W.2d at 122.[1] Bouldin's sole point of error is overruled. The order of the trial court is affirmed.

---

1. We are mindful of Bouldin's claim that under our reading of the Legislative scheme, a claimant could receive written notice of the decision more than thirty days after the decision was rendered, thereby depriving the claimant of de novo review. The Legislature has not addressed this possible scenario, and this court is not free to add provisions to the statutory scheme. In any event, it is undisputed that Bouldin received written notice of the Commission's decision within thirty days.