

OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS
JOHN CORNYN

October 22, 2001

Dr. Ann Stuart, Chancellor
Texas Woman's University
P.O. Box 425497
Denton, Texas 76204-5497

Opinion No. JC-0426

Re: Whether a state university may contract with a bank that employs a member of the board of regents as an officer (RQ-0387-JC)

Dear Dr. Stuart:

A new regent at Texas Woman's University is an employee and officer of a bank with which the university has a continuing banking relationship.[1] The regent is not a stockholder, has no ownership interest in the bank, and does not participate in managing the university account with the bank.[2] You ask whether the regent has a pecuniary interest in that bank and whether the university may continue to contract with the bank if contracts are awarded upon the basis of sealed bids and the regent refrains from voting on matters relating to such contract after fully disclosing his interest. Under the common-law conflict of interest rule, an employee or officer of a bank has a pecuniary interest in the bank. When a regent of Texas Woman's University has such interest in a bank, the university board of regents may not enter into a contract with the bank.

The board of regents of Texas Woman's University "has the power incident to its position and to the same extent, as far as applicable, as is conferred on the board of regents of The University of Texas System." TEX. EDUC. CODE ANN. § 107.41 (Vernon 1991); see id. § 107.44 (authority of board to adopt rules). Accordingly, the board of Texas Woman's University may exercise, with respect to that institution, the contracting powers conferred upon the board of regents of the University of Texas System. The board of the University of Texas System has broad power to govern, operate, support, and maintain each of the institutions included in the system. See id. § 65.31(a); see also id. § 65.34 (Vernon 1991 & Supp. 2001) (contracts must be approved by the board of the University of Texas or otherwise entered into in accordance with rules of the board). Thus, the board of regents of Texas Woman's University exercises the university's authority to contract with banks.

---

[1] Brief from Mr. John Lawhon, General Counsel, Texas Woman's University, to Honorable John Cornyn, Texas Attorney General (Mar. 22, 2001) (on file with Opinion Committee).

[2] Id.

A strict common-law conflict of interest rule applies to contracts entered into by the governing bodies of state agencies, including the governing boards of state universities. *See* Tex. Att'y Gen. Op. Nos. DM-18 (1991) (member of Board of Examiners in the Fitting and Dispensing of Hearing Aids); JM-671 (1987) (regent of Texas A & M University); MW-179 (1980) (member of Board of Health); Tex. Att'y Gen. LO-97-052 (board member of Texas Agricultural Finance Authority). The court in *Meyers v. Walker*, 276 S.W. 305 (Tex. Civ. App.–Eastland 1925, no writ) stated this rule as follows:

> If a public official directly or indirectly has a pecuniary interest in a contract, no matter how honest he may be, and although he may not be influenced by the interest, such a contract so made is violative of the spirit and letter of our law, and is against public policy.

*Id.* at 307.

The enactment of section 572.058 of the Government Code did not repeal the common-law rule. *See* Tex. Att'y Gen. Op. No. JM-671 (1987) at 6 (discussing predecessor of section 572.058, Government Code). This statutes provides that a member of a state agency board "who has a personal or private interest in a measure, proposal, or decision pending before the board" shall disclose that interest and refrain from voting on the matter. TEX. GOV'T CODE ANN. § 572.058(a) (Vernon 1994). Neither the language nor the legislative history of this provision indicates that it was intended to apply to contracts. *Id.* If the new regent has a pecuniary interest in the bank, the common-law conflict of interest rule would bar the board of regents of Texas Woman's University from contracting with it.

In Attorney General Opinion H-916, this office determined that a school trustee who was employed by a paper company in a managerial capacity had a pecuniary interest in the company's contracts, because of his interest in the financial success of the company. Tex. Att'y Gen. Op. No. H-916 (1976) at 2; *see also* Tex. Att'y Gen. LO-93-012 (state university may not contract with a law firm in which a regent is a partner); Tex. Att'y Gen. Op. No. DM-18 (1991) (employee of a hearing aid company has a financial interest in company for purposes of statute regulating the fitting and dispensing of hearing aids). As an officer and employee of the bank, the new regent of Texas Woman's University would have a pecuniary interest in the bank, and the common-law conflict of interest rule would prevent the board of regents from entering into a contract with it.

We note that section 51.923 of the Education Code modifies the common-law conflict of interest rule for certain contracts between a university and a corporation in which a regent is economically interested. An institution of higher education may contract with a corporation even though one or more members of the governing board holds stock in it or serves as a director, as long as no board member has a beneficial interest in more than five percent of the corporation's outstanding capital stock. TEX. EDUC. CODE ANN. § 51.923(c) (Vernon 1996). In addition, the contract must be "an affiliation, licensing, or sponsored research agreement" or must be awarded by competitive bidding or competitive sealed proposals, and the board member having an interest in the

contract or transaction must disclose that interest in a public meeting and refrain from voting on the contract or transaction. *Id.* § 51.923(c), (d). An affirmative majority of the board members voting on the contract or transaction must approve it. *Id.* § 51.923(d).

Section 51.923, however, does not expressly change the common-law rule when a regent is an officer or employee of the corporation. It might be argued that section 51.923 impliedly authorizes contracts in which the regent is interested as an officer or employee, on the ground that these positions involve lesser pecuniary interests in the bank than the positions of director or shareholder. However, we must read this statute according to its clear terms and may not read language into it, unless this is necessary to effect a clear legislative intent. *See RepublicBank Dallas, N. A. v. Interkal, Inc.*, 691 S.W.2d 605, 607 (Tex. 1985) (statute must be construed according to its plain language); *Bouldin v. Bexar County Sheriff's Civil Serv. Comm'n*, 12 S.W.3d 527, 529 (Tex. App.–San Antonio 1999, no pet.) (additional words may not be inserted into a statute unless it is necessary to effect a clear legislative intent).

As introduced, the bill that became section 51.923 of the Education Code provided that an institution of higher education or a university system was not prohibited from contracting with a business entity because a member of the governing board was "a stockholder, officer, director, or employee" of the business entity. Tex. S.B. 1569, 71st Leg., R.S. (1989). The bill included this language at its first public hearing before the Senate Committee on Education, at which it was referred to a subcommittee. *Hearings on Tex. S.B. 1569 Before the Senate Committee on Education*, 71st Leg., R.S. (Apr. 19, 1989) (audio tape available from Senate Staff Services Office). The Senate Committee on Education ultimately approved a committee substitute from which the terms "officer" and "employee" were deleted. *Hearings on Tex. S.B. 1569 Before the Senate Committee on Education*, 71st. Leg., R.S. (Apr. 19 & May 3, 1989) (audio tapes available from Senate Staff Services Office). Given the deletion of these terms, we will not assume that section 51.923 of the Education Code impliedly applies to an "officer" or "employee." Accordingly, when a regent of Texas Woman's University is an employee and officer of a bank, the university board of regents may not enter into a contract with that bank.

## S U M M A R Y

Under the common-law conflict of interest rule, an employee or officer of a bank has a pecuniary interest in the bank. When a regent of Texas Woman's University is an officer and employee of a bank, the university board of regents may not enter into a contract with that bank.

Section 51.923 of the Texas Education Code authorizes a university to enter into certain contracts with a corporation in which one or more members of the governing board has a pecuniary interest as a stockholder or a director, as long as no board member has a beneficial interest in more than five percent of the corporation's outstanding capital stock. This Education Code provision does not, however, modify the common-law conflict of interest rule if the regent is an employee or officer of a business entity. Accordingly, section 51.923 of the Education Code does not authorize the board of regents of Texas Woman's University to contract with a bank where a regent serves as an officer and employee.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee