OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

June 5, 2001

The Honorable Juan J. Hinojosa
Chair, Committee on Criminal Jurisprudence
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. JC-0387

Re: Whether section 573.012 of the Health and Safety Code authorizes a municipal peace officer to execute an emergency-detention warrant (RQ-0345-JC)

Dear Representative Hinojosa:

You ask whether section 573.012 of the Health and Safety Code authorizes a municipal peace officer to execute an emergency-detention warrant. We conclude that a municipal or county peace officer may execute an emergency-detention warrant under that provision.

Chapter 573 of the Health and Safety Code provides for the emergency detention of a person who appears to be mentally ill and a risk to himself or others. See TEX. HEALTH & SAFETY CODE ANN. ch. 573 (Vernon 1992 & Supp. 2001). Subchapter A authorizes a peace officer to take a person into custody without a warrant in certain circumstances. Upon doing so, the officer must immediately file an application for emergency detention. See id. §§ 573.001, .002 (Vernon 1992). Subchapter B provides a mechanism for any other adult to file a written application for the emergency detention of another person, see id. § 573.011, which must be reviewed by a judge or magistrate. See id. § 573.012(a) (Vernon Supp. 2001). Section 573.012 provides that the magistrate must deny the application unless there is reasonable cause to believe that the person evidences mental illness and that there is a substantial risk the person may do serious harm to himself or others unless the person is immediately restrained, and "the necessary restraint cannot be accomplished without emergency detention." Id. § 573.012(b). Subsection (d) of section 573.012, the provision at issue in your request, provides that the magistrate "shall issue to an on-duty peace officer a warrant for the person's immediate apprehension" if the magistrate determines that the person satisfies the statutory criteria. See id. § 573.012(d). A person who is apprehended under an emergency-detention warrant must be transported to the nearest inpatient mental health facility, or other facility deemed appropriate by the county's mental health authority, for a preliminary examination. See id. § 573.012(e).

Once a person who has been apprehended arrives at the facility, a physician must examine the person within certain time limits, and the person may be admitted to the facility only if the examining physician makes certain findings regarding the patient's mental health. See id. §§ 573.021 (Vernon 1992), 573.022 (Vernon Supp. 2001). Under section 573.022, a county mental

health facility that has admitted a person for emergency detention under this section may transport the person to a facility of the single portal authority for the area; an appropriate inpatient mental health facility, if no single portal authority serves the area; or a facility deemed suitable by the county's mental health authority, if no single portal authority serves the area and an appropriate inpatient mental health facility is not available. *See id.* § 573.022(b) (Vernon Supp. 2001).

You ask about the proper construction of subsection (d) of section 573.012, which provides that, upon determining that a person meets the statutory criteria for emergency detention, "[t]he magistrate shall issue to an on-duty peace officer a warrant for the person's immediate apprehension." *Id.* § 573.012(d). You indicate that some officials in Hidalgo County interpret this provision to authorize only county peace officers to execute these warrants.[1] You ask, in essence, whether municipal peace officers may also execute an emergency-detention warrant issued under section 573.012. We conclude that a municipal peace officer may execute such a warrant.

When construing a statute, "our primary objective is to give effect to the Legislature's intent." *Mitchell Energy Corp. v. Ashworth*, 943 S.W.2d 436, 438 (Tex. 1997). To give effect to legislative intent, we construe a statute according to its plain language. *See RepublicBank Dallas v. Interkal, Inc.*, 691 S.W.2d 605, 607-08 (Tex. 1985); *Bouldin v. Bexar County Sheriff's Civil Serv. Comm'n*, 12 S.W.3d 527, 529 (Tex. App.–San Antonio 1999, no pet.). Statutory words and phrases must be "read in context and construed according to the rules of grammar and common usage," but those words and phrases "that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly." TEX. GOV'T CODE ANN. § 311.011 (Vernon 1998). Subsection (d) of section 573.012 uses the general term "peace officer," which is broadly defined in the Code of Criminal Procedure to include both county and municipal officers, among others. *See* TEX. CODE CRIM. PROC. ANN. art. 2.12 (Vernon Supp. 2001) (including within the definition of "peace officer" sheriffs and their deputies, constable and deputy constables, and municipal police officers). Because subsection (d) of section 573.012 does not on its face distinguish between county and municipal peace officers for purposes of executing emergency-detention warrants, we think the statute uses the phrase "peace officer" consistently with the Code of Criminal Procedure definition.

Furthermore, subchapter A, which provides for emergency detention without a warrant, clearly authorizes any type of peace officer to detain within the officer's jurisdiction a person who evidences mental illness without a warrant on an emergency basis. *See* TEX. HEALTH & SAFETY CODE ANN. § 573.001(a) (Vernon 1992) ("*A peace officer*, without a warrant, may take a person into custody if the officer . . .") (emphasis added). A primary rule of statutory construction is that legislative enactments involving the same general subject matter and possessing the same general purpose are considered to be and are construed in *pari materia*. *See Garrett v. Mercantile Nat'l Bank*, 168 S.W.2d 636, 637 (Tex. 1943); *see also Calvert v. Fort Worth Nat'l Bank*, 356 S.W.2d 918, 921 (Tex. 1962). We thus read subchapter B, in which subsection (d) of section 573.012

---

[1]Letter from Honorable Juan J. Hinojosa, Texas State Representative, to Honorable John Cornyn, Texas Attorney General at 2 (Feb. 1, 2001) (on file with Opinion Committee) [hereinafter Request Letter].

appears, together with subchapter A. Given that the legislature has authorized both municipal and county peace officers to take a person into custody without a warrant in subchapter A, we do not believe it would have intended to distinguish between county and municipal peace officers in subchapter B for purposes of executing emergency-detention warrants.

In your request letter, you explain the basis of the Hidalgo County officials' interpretation of the statute to prohibit municipal peace officers from executing these warrants. You suggest that there is now some concern that only a county peace officer may execute an emergency-detention warrant due to 1999 legislative amendments to chapter 573 and related provisions in chapter 574,[2] the latter of which establishes a framework for court-ordered mental health services – civil commitment. Section 573.025, which was substantially amended in 1999,[3] provides that a person apprehended or detained under chapter 573 "has the right . . . to be transported in accordance with Sections 573.026 and 574.045, if the person is detained under section 573.022 or transported under an order of protective custody under Section 574.023." TEX. HEALTH & SAFETY CODE ANN. § 573.025(a)(6) (Vernon Supp. 2001). Section 573.026, added to chapter 573 in the same legislation,[4] provides that a person "being transported after detention under Section 573.022 shall be transported in accordance with Section 574.045." Id. § 573.026. Section 574.045 provides that a court may authorize the transportation of a committed patient or a patient who has been detained under section 573.022 to the designated mental health facility by a family member or friend, various civil officials, or if no other person is available, the sheriff or constable. See id. § 574.045. Significantly, section 574.045 does not include municipal peace officers in this list.

You inform us that certain officials interpret the references in sections 573.025 and 573.026 to section 574.045 to give "[an] apprehended person the right to have no other peace officer but the sheriff or constable transport the person." Request Letter, supra note 1, at 2. As a result, these officials "have now required that all mental health commitment warrants issued by the county courts at law and all justices of the peace be executed by the Hidalgo County Sheriff's Department, rather than the local police department where the subject is thought to be located." Id.

We conclude that this construction of section 573.012, subsection (d) based on sections 573.025 and 573.026 is misplaced. Neither of these provisions pertains to the authority to execute an emergency-detention warrant or to transport a person who is apprehended on such a warrant to the initial facility for preliminary examination. Section 573.025 gives a person who is apprehended or detained the right to be transported in accordance with section 574.045 "if the person is detained under Section 573.022." TEX. HEALTH & SAFETY CODE ANN. § 573.025(a)(6) (Vernon Supp. 2001). Similarly, section 573.026 provides that "[a] person being transported after detention under Section

---

[2]See Tex. S.B. 539, 76th Leg., R.S. (1999), enacted as Act of May 28, 1999, 76th Leg., R.S., ch. 1512, 1999 Tex. Gen. Laws 5233, 5234.

[3]See Act of May 28, 1999, 76th Leg., R.S., ch. 1512, § 2, 1999 Tex. Gen. Laws 5233, 5234.

[4]See id. § 3.

573.022 shall be transported in accordance with Section 574.045." *Id.* § 573.026. Pursuant to section 573.022, however, a person is detained only after a physician has made certain findings in a preliminary examination. *See id.* § 573.022(a) ("A person may be admitted to a facility for emergency detention only if the physician who conducted the preliminary examination of the person makes a written statement that: . . ."). Thus, the right under sections 573.025 and 573.026 to be transported in accordance with section 574.045 does not arise until after a preliminary examination.

Section 573.025 also gives a person the right to be "transported under an order of protective custody under Section 574.023." *Id.* § 573.025(a)(6). Like section 573.026, section 574.023 pertains to the transportation of a person after he or she is initially apprehended on a emergency-detention warrant and is not relevant to a person's initial apprehension. Again, chapter 574 establishes procedures for court-ordered mental health services. *See id.* ch. 574 (Vernon 1992 & Supp. 2001). Pending a hearing on an application for court-ordered mental health services, a person may be held in protective custody. *See id.* ch. 574, subch. B. Section 574.023 provides for protective custody orders directing a person authorized to transport a person under section 574.045 to take a proposed patient into protective custody and transport the person to a facility. *See id.* § 573.023. Thus the right under section 573.025 "to be transported in accordance with Sections 573.026 and 574.045, if the person is . . . transported under an order of protective custody under Section 574.023," *id.* § 573.025(a)(6), also does not arise until after a person's initial apprehension and preliminary examination.

Finally, we note that the legislative history of the 1999 amendments to these provisions regarding the transportation of detained persons and persons under protective custody is not to the contrary. The bill analyses suggest that the purpose of the legislation was to address problems in the transportation of persons from county facilities and courts to portal facilities and that it was not intended to address the initial apprehension and transportation of persons pursuant to emergency-detention warrants. *See* Tex. S.B. 539, *supra* note 2; SENATE COMM. ON HEALTH SVCS., HOUSE COMM. ON PUBLIC HEALTH, BILL ANALYSES, Tex. S.B. 539, 76th Leg., R.S. (1999) (bill addresses problem of "mentally ill patients being transported from county jails and courts to state mental health facilities; apparently, many of these patients were spending long periods of time on buses making circular routes; being transported in buses without air-conditioning or heating; and being deprived of sufficient bathroom stops").

In sum, we conclude that section 573.012 of the Health and Safety Code authorizes a municipal peace officer to execute an emergency-detention warrant and to transport the person to a facility for preliminary examination. *See* TEX. HEALTH & SAFETY CODE ANN. § 573.012(d), (e) (Vernon Supp. 2001). A county peace officer may also execute such a warrant. A person who is actually admitted to a facility for emergency detention after a preliminary examination must be transported in accordance with section 574.045. *See id.* §§ 573.025, .026.

## S U M M A R Y

Section 573.012 of the Texas Health and Safety Code authorizes a municipal or county peace officer to execute an emergency-detention warrant. *See* TEX. HEALTH & SAFETY CODE ANN. § 573.012(d) (Vernon Supp. 2001). A person who is actually admitted to a facility for emergency detention after a preliminary examination must be transported in accordance with section 574.045. *See id.* §§ 573.025, .026.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

SUSAN D. GUSKY
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General - Opinion Committee