OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

July 9, 2002

The Honorable Frank Madla
Chair, Intergovernmental Relations Committee
Texas State Senate
P.O. Box 12068
Austin, Texas 78711

Opinion No. JC-0529

Re: Whether a county civil-service commission or a sheriff's department civil-service commission may adopt a rule that permits an award of back pay to an employee after the commission modifies a disciplinary action taken against that employee (RQ-0504-JC)

Dear Senator Madla:

Section 158.009 of the Local Government Code requires a county civil-service commission formed under chapter 158, subchapter A to adopt rules regarding, among other things, county employees' "substantive rights, . . . benefits, and working conditions." TEX. LOC. GOV'T CODE ANN. § 158.009(a)(8) (Vernon 1999). Section 158.035 similarly requires a sheriff's department civil-service commission formed under chapter 158, subchapter B to adopt rules regarding, among other things, employees' "substantive rights, . . . benefits, and working conditions." Id. § 158.035(a)(8). You ask whether a civil-service commission formed under either chapter 158, subchapter A or subchapter B has sufficient authority to adopt a rule that "permits awarding back pay to an employee after the Commission modifies a disciplinary action taken against" the employee, "where such modification results in either a full or partial restoration of that employee's position."[1] We conclude that a civil-service commission's statutory rule-making authority includes authority to adopt such a rule under either subchapter A or B.

Chapter 158 of the Local Government Code is divided into two subchapters, A and B. See TEX. LOC. GOV'T CODE ANN. ch. 158 (Vernon 1999 & Supp. 2002). Subchapter A applies to a county civil-service commission created to include all county employees who are not exempted by other law. See id. § 158.002 (Vernon 1999). Subchapter B applies to a sheriff's department civil-service system created for sheriff's department employees. See id. § 158.032. Although we have received a letter averring that your question specifically concerns the Nueces County Civil Service Commission created under subchapter A,[2] you ask about civil-service commissions created under both subchapters. See Request Letter, supra note 1, at 1.

---

[1]Letter from Honorable Frank Madla, Texas State Senator, to Honorable John Cornyn, Texas Attorney General (Jan. 24, 2002) (on file with Opinion Committee) [hereinafter Request Letter].

[2]Letter Brief from Honorable Laura Garza Jiménez, Nueces County Attorney, to Honorable John Cornyn, Texas Attorney General, at 1 (Mar. 5, 2002) (on file with Opinion Committee) [hereinafter Jiménez Brief].

Under subchapter A, a county with a population of at least 200,000 may create a county civil-service system to include all county employees "who are not exempted from the system by the express terms or judicial interpretations of this subchapter or by the operation of Subchapter B." TEX. LOC. GOV'T CODE ANN. § 158.002 (Vernon 1999). Once created, the county commissioners court must appoint three commissioners to administer the system. *See id.* § 158.008(a) (Vernon Supp. 2002). Generally, the commission must adopt rules regarding:

(1)  the definition of a county employee;

(2)  selection and classification of county employees;

(3)  competitive examinations;

(4)  promotions, seniority, and tenure;

(5)  layoffs and dismissals;

(6)  disciplinary actions;

(7)  grievance procedures; and

(8)  other matters relating to the selection of county employees and the procedural and substantive rights, advancement, benefits, and working conditions of county employees.

*Id.* § 158.009(a) (Vernon 1999). "The commission may adopt or use as a guide any civil service law or rule of the United States, this state, or a political subdivision in this state to the extent that the law or rule promotes" subchapter A's purposes and serves the county's needs. *Id.* § 158.009(b); *see* Tex. Att'y Gen. Op. No. DM-338 (1995) at 9-11 (concluding that section 158.009 does not authorize county civil-service commission to endow itself with subpoena power). A county employee covered by the civil-service system who, "on a final decision by the commission, is demoted, suspended, or removed from" his or her position may appeal to a district court in the county within thirty days of the decision. TEX. LOC. GOV'T CODE ANN. § 158.012(a) (Vernon 1999). And, if the district court finds in favor of the petitioning employee, the court may order reinstatement and back pay. *See id.* § 158.012(c).

Subchapter B authorizes a sheriff's department in a county with a population greater than 500,000 to create a civil-service system.[3] *See id.* § 158.032. In a county with a population between

---

[3]Nueces County's population is not large enough to establish a sheriff's department civil-service system under chapter 158, subchapter B of the Local Government Code. While section 158.032 requires a population greater than 500,000, Nueces County's population is 313,645. *See* TEX. LOC. GOV'T CODE ANN. § 158.032 (Vernon 1999); BUREAU

(continued...)

500,000 and 2.8 million, the commission consists of three members, one each appointed by the sheriff, the commissioners court, and the district attorney. *See id.* § 158.034. In a county with a population of 2.8 million or more, the commission consists of seven members, two each appointed by the sheriff, the commissioners court, and the district attorney, and "one member by joint action requiring the affirmative vote of each of the authorities." *Id.* The sheriff's department civil-service commission's power to adopt rules is largely identical to that granted a county civil-service commission under subchapter A:

> (a) The commission shall adopt . . . rules regarding:
>
> > (1) selection and classification of employees;
> >
> > (2) competitive examinations;
> >
> > (3) promotions, seniority, and tenure;
> >
> > (4) layoffs and dismissals;
> >
> > (5) disciplinary actions;
> >
> > (6) grievance procedures;
> >
> > (7) the rights of employees during an internal investigation; and
> >
> > (8) other matters relating to the selection of employees and the procedural and substantive rights, advancement, benefits, and working conditions of employees.
>
> (b) The commission may adopt or use as a guide any civil service law or rule of the United States, this state, or a political subdivision in this state to the extent that the law or rule promotes the purposes of this subchapter and is consistent with the needs and circumstances of the department.
>
> (c) In a county with a population of 2.8 million or more, a panel of three commissioners shall preside at the hearing and vote on the commission's final decision in any case involving termination, demotion, or recovery of back pay. A panel's decision is the final decision of the commission for purposes of Sections

---

[3](...continued)
OF THE CENSUS, U.S. DEP'T OF COMMERCE, 2000 CENSUS OF POPULATION, General Population, Characteristics: Texas, Nueces County (*available at* http://www.census.gov); *see also* TEX. GOV'T CODE ANN. § 311.005(3) (Vernon 1998) (defining term "population" generally as "population shown by . . . most recent federal decennial census").

158.0351 ["Procedures After Felony Indictment or Misdemeanor Complaint"] and 158.037 ["Appeals," *see infra*]. The commission shall adopt rules prescribing the commission's procedures for assigning members to a panel. . . .

*Id.* § 158.035. An employee may appeal a "final decision" demoting, suspending, or removing him or her from a position to a district court in the county by filing a petition within thirty days "after the date of the decision." *Id.* § 158.037(a). "If the district court renders judgment for the" employee, the court may order that the employee receive back pay. *Id.* § 158.037(c).

We conclude that sections 158.009(a) and 158.035(a) of the Local Government Code provide a civil-service commission with sufficient rule-making authority to adopt a rule permitting the award of back pay to an employee after the commission partly or fully reinstates the employee. Request Letter, *supra* note 1, at 1; *see* TEX. LOC. GOV'T CODE ANN. §§ 158.009(a), 158.035(a) (Vernon 1999). A civil-service commission has only those powers that "are expressly granted to it by statute together with those necessarily implied from the authority conferred or duties imposed." *Stauffer v. City of San Antonio*, 344 S.W.2d 158, 160 (Tex. 1961). Subsection (a)(8) of both sections 158.009 and 158.035 require a civil-service commission to adopt rules pertaining to employees' "substantive rights, . . . benefits, and working conditions." TEX. LOC. GOV'T CODE ANN. §§ 158.009(a)(8), .035(a)(8) (Vernon1999). Although it is not defined in chapter 158, a substantive right is commonly understood to be "[a] right that can be protected or enforced by law; a right of substance rather than form." BLACK'S LAW DICTIONARY 1324 (7th ed. 1999); *see* TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 1998) (providing that words and phrases used in statute but not defined by it "shall be read in context and construed according to . . . common usage."). Insofar as a civil-service commission's rule provides a wrongly dismissed employee with a right to back pay upon reinstatement, the rule pertains to the employee's substantive rights. Moreover, a back-pay policy provides an employee benefit in that it governs a "condition of employment no different than the rate of compensation or amount of vacation an employee is to receive." Tex. Att'y Gen. Op. No. H-402 (1974) at 2; *see* TEX. LOC. GOV'T CODE ANN. §§ 158.009(a)(8), .035(a)(8) (Vernon 1999). In the employment context, the term "benefit" denotes an advantage or privilege "(other than direct salary or compensation) received by an employee from an employer." BLACK'S LAW DICTIONARY 150-51 (7th ed. 1999).

Section 158.0351(e), which specifically permits a sheriff's department civil-service commission in a county with a population of 2.8 million or more to award back pay to an employee in certain circumstances, does not limit a civil-service commission's broad rule-making authority under either section 158.009 or 158.035. *See* TEX. LOC. GOV'T CODE ANN. § 158.0351(c) (Vernon 1999). A brief we have received urges us to imply, from the authority granted a civil-service commission in section 158.0351(e), that a civil-service commission not subject to section 158.0351 may not award back pay. *See* Jiménez Brief, *supra* note 2, at 3. But the history of the 1993 legislation that enacted section 158.0351 (as well as section 158.035(c)) indicates that the legislature was concerned about a sheriff's inability to suspend an employee indicted for a felony or officially charged with committing a Class A or B misdemeanor, not a lack of authority to award back pay. *See* SENATE RESEARCH CTR., BILL ANALYSIS, Tex. S.B. 784, 73d Leg., R.S. (1993); HOUSE COMM. ON COUNTY AFFAIRS, BILL ANALYSIS, Tex. S.B. 784, 73d Leg., R.S. (1993).

Sections 158.012(c) and 158.037(c), which permit an employee to appeal a civil-service commission's "final decision" to a district court and permit the district court to "order . . . payment of back pay," also do not restrict a civil-service commission's rule-making authority under sections 158.009 and 158.035. A brief we have received notes that "[w]hile the legislature states that the district court 'may order . . . payment of back pay . . . ,'" see Tex. Loc. Gov't Code Ann. §§ 158.012, 158.037 (Vernon 1999), the legislature has not conferred that power on a commission, and so, according to the brief, a commission does not have the authority to reconsider its decision and to provide a remedy. See Jiménez Brief, supra note 2, at 3. In our opinion, section 158.012's and section 158.037's references to a commission's "final decision" indicate that a commission may modify an order and provide remedies before the order may be appealed to a court, although the statutes themselves do not tell us what a final decision is. See Bouldin v. Bexar County Sheriff's Civil Serv. Comm'n, 12 S.W.3d 527, 530 (Tex. App.–San Antonio 1999, no pet.) (stating that "the statute does not define what constitutes a final decision"); see also Tex. Gov't Code Ann. § 311.011 (Vernon 1998) (providing that undefined statutory terms should be construed consistently with common usage); Black's Law Dictionary 847 (7th ed. 1999) (defining "final judgment"); id. at 644 (defining "final decision" as final judgment). Similarly, under the Administrative Procedure Act, chapter 2001 of the Government Code, see Tex. Gov't Code Ann. § 2001.002 (Vernon 2000) (titling Act), a state agency's decision in a contested case generally is final a certain period after a decision is issued, which period allows an aggrieved party time to move for a rehearing on the matter. See id. § 2001.144(a); cf. Edwards Aquifer Auth. v. Bragg, 21 S.W.3d 375, 380 (Tex. App.–San Antonio 2000), aff'd, 71 S.W.3d 729 (Tex. 2002) (stating that, for agency action to be "final," it must be definitive and must immediately affect regulated party's day-to-day business); Tex.- N.M. Power Co. v. Tex. Indus. Energy Consumers, 806 S.W.2d 230, 232 (Tex. 1991) (quoting 5 J. Stein, G. Mitchell, & B. Mezines, Administrative Law 48-10 (1988)) (opining that "no single rule" disposes of all finality questions, but advising courts to "treat as final a . . . 'definitive'" decision, "'promulgated in a formal manner and one with which the agency expects compliance'").

Moreover, we find no evidence in the legislative history of these statutes that the legislature intended to withhold from a civil-service commission the authority to award back pay to a reinstated employee. Although sections 158.012 and 158.037 are substantively similar for the purposes of this opinion, they were adopted ten years apart. What is now section 158.012(c) was adopted in 1971, see Act of May 14, 1971, 62d Leg., R.S., ch. 262, sec. 9(c), 1971 Tex. Gen. Laws 1151, 1153; what is now section 158.037(c) was adopted in 1981, see Act of May 6, 1981, 67th Leg., R.S., ch. 119, sec. 7(c), 1981 Tex. Gen. Laws 295, 296. In connection with the 1981 legislation, the bill analysis noted that, without a civil-service system, "years of expensive litigation" is an employee's only recourse when he or she is demoted or fired. See House Study Group, Bill Analysis 1, Tex. S.B. 301, 67th Leg., R.S. (1981); cf. Tex. House Interim County Gov't Study Comm., Report to the 62d Legislature 13 (Jan. 11, 1971) (stating that civil-service legislation is aimed at helping counties "attract[] and keep[] capable officers and employees": "The prospect of losing a job if the department head loses an election inevitably discourages prospective employees."). Interpreting a civil-service commission's rule-making authority to exclude the power to reconsider its own decisions and to provide remedies when the commission concludes its previous decision was wrong would thwart the legislative intention to provide county employees an avenue other than litigation

to redress grievances. *See* TEX. GOV'T CODE ANN. §§ 311.021(3), .023(3), (5) (Vernon 1998) (directing construer to presume legislature intended just and reasonable result, and permitting construer to consider legislative objective and consequences of particular construction).

Finally, a rule permitting an award of back pay in the circumstances you describe does not contravene article III, section 53 of the Texas Constitution, as a brief we have received suggests. *See* Jiménez Brief, *supra* note 2, at 3. Article III, section 53 prohibits a county from granting "any extra compensation, fee[,] or allowance to a public officer" or employee "after service has been rendered." TEX. CONST. art. III, § 53. We assume that any back pay awarded is for services performed after the rule's adoption. *Cf.* Tex. Att'y Gen. Op. No. JC-0370 (2001) at 2 (stating that if county revises handbook to permit payments to employees for accrued vacation or compensatory time, county may apply increased benefits only to services performed after revisions took effect). While a payment of back pay is unconstitutional where it is not awarded under a specific policy, the adoption of a rule permitting back pay "becomes a condition of employment," and the award does not violate article III, section 53 of the Constitution. *See* Tex. Att'y Gen. Op. No. H-402 (1974) at 2. By contrast, in Attorney General Opinion H-402 this office concluded that a commissioners court may not approve back pay for a county employee who was suspended and later reinstated without a policy granting a right to back pay "as a part of the terms of employment." *Id.* at 2-3 (summary).

## S U M M A R Y

A county civil-service commission created under chapter 158, subchapter A of the Local Government Code and a sheriff's department civil-service commission created under subchapter B of the same chapter may adopt a rule that permits the commission to award back pay to an employee if the commission modifies a disciplinary action to partly or fully reinstate the employee. *See* TEX. LOC. GOV'T CODE ANN. ch. 158 (Vernon 1999 & Supp. 2002).

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee