NUMBER 13-03-316-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


___________________________________________________________________


TINABEL LONGORIA, Appellant,


v.



NUECES COUNTY CIVIL SERVICE COMMISSION, Appellee.

___________________________________________________________________


On appeal from the 319th District Court


of Nueces County, Texas.


__________________________________________________________________


MEMORANDUM OPINION



Before Justices Yañez, Rodriguez, and Garza


Memorandum Opinion by Justice Rodriguez



 This is an appeal from the trial court's order granting a no evidence summary
judgment in favor of appellee, the Nueces County Civil Service Commission (the
Commission). Appellant, Tinabel Longoria, raises five issues on appeal. We vacate
the trial court's judgment and dismiss for want of jurisdiction.

I. FACTS

 As this is a memorandum opinion and the parties are familiar with the facts, we
will not recite them here except as necessary to advise the parties of the Court's
decision and the basic reasons for it. See Tex. R. App. P. 47.4.

II. JURISDICTION

 By her first issue, appellant contends the trial court erred in ruling that it did not
have jurisdiction. While there is nothing in the record which reflects that the trial court
made such a ruling, (1) we will nonetheless address the issue of jurisdiction sua sponte. 
See Ward v. Malone, 115 S.W.3d 267, 269 (Tex. App.-Corpus Christi 2003, no pet.)
(raising issue of subject matter jurisdiction sua sponte and addressing it for the first
time on appeal).

 The right to appeal the decision of an administrative agency is a statutory right. 
Bouldin v. Bexar County Sheriff's Civil Serv. Comm'n, 12 S.W.3d 527, 529 (Tex.
App.-San Antonio 1999, no pet.). Where the Legislature has created a right to appeal
from an administrative decision, the applicable statutory provisions are mandatory and
exclusive and must be complied with fully or the action is not maintainable for lack of
jurisdiction. Id. In this case, appellant sought review of the Commission's decision under section
158.012(a) of the local government code. (2) Section 158.012 allows an employee to
appeal a decision of the Commission to a district court, if the Commission's final
decision was demotion, suspension, or removal. Alba v. Nueces County Sheriff's
Dep't, 89 S.W.3d 132, 133 (Tex. App.-Corpus Christi 2002, pet. denied). However,
the Commission's final decision in this case was a dismissal of appellant's grievance
for failing to comply with the civil service rules and timeline. In addressing a similar
issue, this Court stated, "we presume the words 'demoted,' 'suspended,' and
'removed' were intended to have meaning and purpose. Their inclusion, therefore,
clearly eliminates the possibility that all orders from the Commission are appealable to
the district court." Id. at 134. 

 Because the Commission's final decision did not demote, suspend, or remove
appellant from her employment, we find that appellant's claim does not fall within
section 158.012(a), and, therefore, appellant did not have statutory authorization to
appeal the Commission's decision. Thus, the trial court lacked jurisdiction over
appellant's claim. Similarly, this Court lacks jurisdiction to address this appeal. See
Dallas County Appraisal Dist. v. Funds Recovery, Inc., 887 S.W.2d 465, 471 (Tex.
App.-Dallas 1994, writ denied).


III. CONCLUSION

 Accordingly, we vacate the trial court's judgment and dismiss the cause for
want of jurisdiction.

 

 NELDA V. RODRIGUEZ

 Justice


Memorandum Opinion delivered and 

filed this 15th day of July, 2004.

 
1. The record shows that appellee filed a motion to dismiss for lack of jurisdiction, a motion for
no evidence summary judgment, and a motion for summary judgment. The trial court's order granted
only appellee's no evidence summary judgment motion and did not address jurisdiction.
2. Section 158.012(a) provides that "a county employee who, on a final decision by the
commission, is demoted, suspended, or removed from the employee's position may appeal the decision
by filing a petition in a district court in the county within 30 days after the date of the decision." Tex.
Loc. Gov't Code Ann. § 158.012(a) (Vernon 1999).