OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

November 26, 2002

The Honorable Florence Shapiro
Chair, Senate Committee on State Affairs
Texas State Senate
P.O. Box 12068
Austin, Texas 78711-2068

Opinion No. JC-0584

Re: Whether chapter 57 of the Government Code requires the appointment of licensed court interpreters in certain circumstances, and related questions (RQ-0558-JC)

Dear Senator Shapiro:

You ask about chapter 57 of the Government Code, a recently enacted statute that establishes qualifications for court interpreters for hearing-impaired individuals (interpreters for the deaf) and individuals who do not communicate in English (spoken-language interpreters) and requires courts to appoint qualified court interpreters. Your questions focus on the appointment of spoken-language interpreters and the payment of their fees in justice court proceedings.[1]

We conclude that chapter 57 applies to a plea in a misdemeanor case in justice court, but that a court clerk who merely converses with a defendant in a language other than English does not "act as a licensed court interpreter" within the meaning of chapter 57. In either a civil or criminal proceeding, whether a party has filed a motion for or a witness has requested the appointment of an interpreter will depend upon the facts and is a question for the trial court in the first instance. The court may grant or deny such a motion or request. In a criminal proceeding, a court must also take into account the defendant's constitutional right to an interpreter and article 38.30 of the Code of Criminal Procedure. Chapter 57 establishes qualifications for interpreters appointed in criminal cases under the authority of article 38.30. If the only person who is licensed to interpret in a particular language resides in a distant location, a court in a populous county would be required to appoint that person. On the other hand, if there is no interpreter licensed to interpret in a particular language, the appointment of an unlicensed person may be within a court's inherent power. Finally, we conclude that chapter 57 does not alter preexisting law on the payment of appointed court interpreters. It does not require counties to pay for spoken-language interpreters in civil cases. Courts retain their authority under the Rules of Civil Procedure and the Civil Practice and Remedies Code to fix an interpreter's compensation and to direct how an interpreter will be paid in civil cases. A county may not require a court to select an interpreter from an interpreter service under contract with the county, although a court may choose to select such an interpreter.

---

[1] Letter from Honorable Florence Shapiro, Chair, Senate Committee on State Affairs, to Honorable John Cornyn, Texas Attorney General (May 29, 2002) (on file with Opinion Committee) [hereinafter Request Letter].

## I. Legal Framework

### A. Statutes Predating Government Code Chapter 57

Your questions relate not only to chapter 57 but also to numerous other provisions providing for the appointment and payment of court interpreters. Therefore, before turning to your questions, we briefly review the legal framework regarding court interpreters. First, we examine a number of provisions that predate chapter 57. Although your questions deal with chapter 57's application to spoken-language interpreters as opposed to interpreters for the deaf, we include in our review provisions relating to interpreters for the deaf as those provisions are relevant to our later analysis of chapter 57.

### 1. Appointment and Payment of Interpreters in Civil Cases

With regard to the appointment of interpreters in civil cases generally, Rule 183 of the Texas Rules of Civil Procedure provides that a court "may appoint an interpreter of its own selection and may fix the interpreter's reasonable compensation." TEX. R. CIV. P. 183. Rule 183 is not specific as to the type of interpreter and authorizes courts to appoint both spoken-language interpreters and interpreters for the deaf. This rule is generally applicable in civil cases, including civil matters in justice court. *See* TEX. R. CIV. P. 523 ("All rules governing the district and county courts shall also govern the justice courts, insofar as they can be applied, except where otherwise specifically provided by law or these rules.").

With respect to payment, Rule 183 further provides that an interpreter's "compensation shall be paid out of funds provided by law or by one or more of the parties as the court may direct, and may be taxed ultimately as costs, in the discretion of the court." TEX. R. CIV. P. 183. In addition, section 31.007 of the Civil Practice and Remedies Code authorizes the "judge of any court" to include interpreter costs in any order or judgment. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 31.007(b)(3) (Vernon 1997); *see also* TEX. R. CIV. P. 559 (In justice court, "[t]he successful party in the suit shall recover his costs, except in cases where it is otherwise expressly provided."). Finally, some statutes expressly provide for the payment of court interpreters as costs in specific matters, such as certain mental-health and probate cases.[2]

Subchapter A of chapter 21 of the Civil Practice and Remedies Code requires the appointment of interpreters for the deaf in civil cases, *see* TEX. CIV. PRAC. & REM. CODE ANN. § 21.002(a) (Vernon 1997) ("In a civil case or in a deposition, a deaf person who is a party or witness is entitled to have the proceedings interpreted by a court-appointed interpreter."), and establishes

---

[2]*See* TEX. HEALTH & SAFETY CODE ANN. § 571.017(a) (Vernon 1992) ("The court shall order the payment of reasonable compensation to attorneys, physicians, language interpreters, sign interpreters, and masters appointed under this subtitle."), (b) ("The compensation paid shall be taxed as costs in the case."); TEX. PROB. CODE ANN. § 665A (Vernon Supp. 2002) ("The court shall order the payment of a fee set by the court as compensation to the attorneys, mental health professionals, and interpreters appointed under Section 646 or 687 of this code, as applicable, to be taxed as costs in the case.").

qualifications for interpreters for the deaf, *see id.* § 21.003 (to be eligible for appointment, an interpreter must hold "a current Reverse Skills Certificate, Comprehensive Skills Certificate, Master's Comprehensive Skills Certificate, or Legal Skills Certificate issued by the National Registry of Interpreters for the Deaf or a current Level III, IV, or V Certificate issued by the Board for Evaluation of Interpreters"). In contrast to Rule 183, subchapter A also provides for the payment of interpreters with county funds. *See id.* § 21.006(a) ("The interpreter shall be paid a reasonable fee determined by the court after considering the recommended fees of the Texas Commission for the Deaf and Hard of Hearing."), (c) ("The interpreter's fee and expenses shall be paid from the general fund of the county in which the case was brought.").

No statute predating chapter 57 of the Government Code requires the appointment of spoken-language interpreters in civil cases or addresses their qualifications.

## 2. Appointment of Interpreters in Criminal Matters

The United States and Texas Constitutions provide defendants in criminal cases with the right to confront witnesses against them. *See* U.S. CONST. amend. VI; TEX. CONST. art. I, § 10. That right includes the right to have trial proceedings interpreted to a defendant in a language he or she can understand. *See Baltierra v. State*, 586 S.W.2d 553, 558 (Tex. Crim. App. 1979).

Articles 38.30 and 38.31 of the Code of Criminal Procedure provide for the appointment of interpreters in criminal cases. *See* TEX. CODE CRIM. PROC. ANN. arts. 38.30 (Vernon Supp. 2002) (spoken-language interpreters), 38.31 (interpreters for the deaf). Article 38.30 provides for the appointment of spoken-language interpreters:

> When a motion for appointment of an interpreter is filed by any party or on motion of the court, in any criminal proceeding, it is determined that a person charged or a witness does not understand and speak the English language, an interpreter must be sworn to interpret for him.

*Id.* art. 38.30(a). Article 38.30 has been construed in light of a defendant's constitutional right to an interpreter. *See Baltierra*, 586 S.W.2d at 558. Thus, although article 38.30(a) requires a party to file a motion for appointment of an interpreter, "[t]he onus is upon the trial court to inquire whether the accused's rights would be safeguarded in the absence of an interpreter when the ability of the defendant to speak and understand English is raised to some extent." *Cantu v. State*, 993 S.W.2d 712, 721-22 (Tex. App.–San Antonio 1999, pet. ref'd) (citing *Baltierra*, 546 S.W.2d at 558-59 n.9); *see also Vasquez v. State*, 819 S.W.2d 932, 938 (Tex. App.–Corpus Christi 1991, pet. ref'd). A defendant waives his right to an interpreter, however, when he does not object or file a motion for an interpreter, unless the trial court is otherwise aware that he needs one. When a defendant fails to object or to file a motion at the trial-court level, a reviewing court will examine the record on appeal to determine whether the trial court should have inquired into the matter on its own. *See, e.g., Cantu*, 993 S.W.2d at 721-22 (reviewing record to evaluate defendant's claim that his plea was not voluntary or knowing based on a lack of an interpreter and determining that claim negated by the

record); *Vasquez*, 819 S.W.2d at 938 ("In the absence of facts to show that appellant could not understand English, we find no error. . . ."). If a defendant moves for the appointment of an interpreter, it is within the trial court's discretion to determine whether the defendant requires an interpreter. *See Martins v. State*, 52 S.W.3d 459, 473 (Tex. App.–Corpus Christi 2001, no pet.) ("mere fact that a defendant may better express himself in Spanish than English does not require that the trial court appoint an interpreter even where it has been requested"); *see also* Tex. Att'y Gen. Op. No. JM-113 (1983) (concluding that a court has discretion in deciding whether to appoint a language interpreter for a non-English speaking defendant, but has no discretion in deciding whether to appoint an interpreter for the deaf).

Article 38.30 provides for the payment of interpreters with county funds. *See.* TEX. CODE CRIM. PROC. ANN. art. 38.30(b)-(c) (Vernon Supp. 2002); *see also* Tex. Att'y Gen. Op. No. DM-245 (1993) at 4 ("Article 38.30 of the Code of Criminal Procedure requires interpreters in criminal cases to be paid from county funds. A judge of a county court-at-law may not assess interpreters' fees either as costs or require payment as a condition of probation.").

Article 38.31 requires the appointment of interpreters for the deaf:

> If the court is notified by a party that the defendant is deaf and will be present at an arraignment, hearing, examining trial, or trial, or that a witness is deaf and will be called at a hearing, examining trial, or trial, the court shall appoint a *qualified interpreter* to interpret the proceedings in any language that the deaf person can understand, including but not limited to sign language.

TEX. CODE CRIM. PROC. ANN. art. 38.31(a) (Vernon Supp. 2002) (emphasis added). Article 38.31 uses the same interpreter qualifications prescribed in chapter 21, subchapter A of the Civil Practice and Remedies Code, and has similar payment provisions. *See id.* art. 38.31(f), (g)(2); TEX. CIV. PRAC. & REM. CODE ANN. §§ 21.003, .006 (Vernon 1997). Article 38.31 is silent with respect to how interpreters are paid, but a 1983 opinion of this office concludes that their fees and expenses are paid from the county general fund. *See* Tex. Att'y Gen. Op. No. JM-113 (1983).

### 3. Provisions Authorizing the Employment of Court Interpreters

The provisions discussed above govern the appointment and payment of court interpreters in particular cases. A separate category of statutes authorizes certain courts to employ interpreters on a full-time or part-time basis. Chapter 21, subchapter B of the Civil Practice and Remedies Code provides for the appointment of full-time or part-time Spanish language interpreters in district courts in certain counties. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 21.021-.023 (Vernon 1997). Subchapter C provides for the appointment of "official interpreters" in county courts at law. *See id.* §§ 21.031-.032. In addition, local laws provide for the appointment of court interpreters in specific

courts.[3] Unlike subchapter A, which establishes a party's "entitlement" to an interpreter for the deaf, these provisions do not address when interpreters must be used in particular cases.

Section 152.903 of the Local Government Code governs the compensation of interpreters employed by district courts: "[T]he commissioners court of a county may set the compensation of interpreters employed by the district courts in the county." TEX. LOC. GOV'T CODE ANN. § 152.903(a) (Vernon 1999); *see also id.* § 152.903(b) ("The salary of an interpreter shall be paid on warrants issued by the district court or the clerk of the court in favor of the interpreter."). Section 152.903 also provides that the salary of a Spanish language interpreter appointed under Civil Practice and Remedies Code chapter 21, subchapter B "is payable in equal monthly payments or by any other distribution at the option of the county." *See id.* § 152.903(c). The compensation of interpreters employed by other county courts is governed by subchapter B of chapter 152, which governs the setting of county employee salaries generally. *See id.* Revisor's Note; *see also id.* § 152.011 ("The commissioners court of a county shall set the amount of the compensation, office and travel expenses, and all other allowances for county and precinct officers and employees who are paid wholly from county funds."). Section 152.903 "does not apply to interpreters for deaf or deaf-mute persons appointed under Subchapter A, Chapter 21, Civil Practice and Remedies Code, or Article 38.31, Code of Criminal Procedure." *Id.* § 152.903(d).

Civil Practice and Remedies Code chapter 21, subchapter D provides for the collection of an interpreter fee as a court cost in civil cases. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 21.051 (Vernon 1997) ("The clerk of the court shall collect an interpreter fee of $3 as a court cost in each civil case in which an interpreter is used. The clerk shall collect the fee in the manner provided for other court costs and shall deposit the fee to the credit of the general fund of the county."). Presumably, this fee is used by counties to defray the salaries of interpreters who are employed by the courts and paid by the county. And presumably, this fee is not collected in cases involving interpreters who are appointed by a court to interpret on a one-time basis and who are paid by the parties.

## B. Government Code Chapter 57

Now we turn to chapter 57 of the Government Code, the new law that is the focus of your query. It generally requires the appointment of a certified or licensed court interpreter, *see* TEX. GOV'T CODE ANN. § 57.002 (Vernon Supp. 2002), and provides for certification and licensing. It does not address the payment of interpreters.

---

[3]*See, e.g.,* TEX. GOV'T CODE ANN. §§ 24.207(c) (Vernon 1988) ("The judge [of the 105th Judicial District], with the approval of the commissioners court, may appoint an official interpreter of the court in Nueces County who serves at the will of the judge."), 25.1102(g) (Vernon Supp. 2002) ("The official interpreter of the district courts of Hidalgo County serves as official interpreter of each county court at law. If the official interpreter is not available, the judge of a county court at law may appoint a temporary interpreter. The temporary interpreter shall be compensated at an amount not to exceed $5 a day paid out of the county's general fund on certificate of the judge. Subject to the commissioners court approval, the judge of a county court at law may appoint an official interpreter for the court as provided by law.").

For purposes of chapter 57, a "certified court interpreter" is an interpreter for the deaf "who is a qualified interpreter as defined in Article 38.31, Code of Criminal Procedure, or Section 21.003, Civil Practice and Remedies Code, or certified under Subchapter B by the Texas Commission for the Deaf and Hard of Hearing to interpret court proceedings for a hearing-impaired individual." *Id.* § 57.001(1). A "licensed court interpreter" is a spoken-language interpreter who is "licensed under Subchapter C by the Texas Commission of Licensing and Regulation to interpret court proceedings for an individual who can hear but who does not comprehend English or communicate in English." *Id.* § 57.001(5). Subchapter B provides for the certification of court interpreters to interpret court proceedings for hearing-impaired individuals by the Texas Commission for the Deaf and Hard of Hearing. *See id.* §§ 57.021-.025. And subchapter C provides for the Commission of Licensing and Regulation to license spoken-language court interpreters to interpret court proceedings for individuals who do not communicate in English. *See id.* §§ 57.041-.048. A person who was practicing as a court interpreter prior to chapter 57's effective date may be licensed or certified without examination by submitting to the relevant commission the required fees and proof of the person's experience. *See* Act of May 28, 2001, 77th Leg., R.S., ch. 1139, § 5, 2001 Tex. Gen. Laws 2537, 2541.

It is an offense under chapter 57 for an uncertified or unlicensed person to hold one's self out as or to act as a certified or licensed court interpreter. *See* TEX. GOV'T CODE ANN. §§ 57.026 (Vernon Supp. 2002) ("A person may not advertise, represent to be, or act as a certified court interpreter unless the person holds an appropriate certificate under this subchapter."), 57.049 ("A person may not advertise, represent to be, or act as a licensed court interpreter unless the person holds an appropriate license under this subchapter."). A person who commits this offense is subject to administrative penalties and to prosecution for a Class A misdemeanor. *See id.* §§ 57.027(a) ("A person commits [a Class A misdemeanor] offense if the person violates this subchapter or a rule adopted under this subchapter."), (b) ("A person who violates this subchapter or a rule adopted under this subchapter is subject to an administrative penalty assessed by the [Commission for the Deaf and Hard of Hearing]."), 57.050(a) ("A person commits [a Class A misdemeanor offense] if the person violates this subchapter or a rule adopted under this subchapter."), (b) ("A person who violates this subchapter or a rule adopted under this subchapter is subject to an administrative penalty assessed by the [Commission of Licensing and Regulation] as provided by Subchapter F, Chapter 51, Occupations Code.").

Significantly, section 57.002 requires a court to appoint a certified or licensed court interpreter upon the motion of a party or the request of a witness:

> (a) A court shall appoint a certified court interpreter or a licensed court interpreter if a motion for the appointment of an interpreter is filed by a party or requested by a witness in a civil or criminal proceeding in the court.

*Id.* § 57.002(a). In addition, a court may, on its own motion, appoint a certified court interpreter or a licensed court interpreter. *Id.* § 57.002(b). Under subsection (c) of this provision, smaller counties have more flexibility with regard to the qualifications of spoken-language interpreters (but not with

regard to interpreters for the deaf): "In a county with a population of less than 50,000, a court may appoint a spoken language interpreter who is not a certified or licensed court interpreter and who: (1) is qualified by the court as an expert under the Texas Rules of Evidence; (2) is at least 18 years of age; and (3) is not a party to the proceeding." *Id.* § 57.002(c).

Although section 57.002 clearly modifies the authority of a court to determine the qualifications of an interpreter, we do not construe section 57.002 to strip a court of its authority to determine whether a party or witness is able to communicate in English and requires an interpreter. Section 57.002(a) provides that "[a] court *shall* appoint a certified court interpreter or a licensed court interpreter if a motion for the appointment of an interpreter is filed by a party or requested by a witness." *Id.* § 57.002(a) (emphasis added). The word "shall" generally imposes a mandatory duty, *see id.* § 311.016(c) (Vernon 1998) (Code Construction Act), but we must look at a statute as a whole to determine the nature of that duty. *See D.R. v. J.A.R.*, 894 S.W.2d 91, 95 (Tex. App.–Fort Worth 1995, writ denied) (noting that while the word "shall" is generally construed to be mandatory, "[t]here is no absolute test by which it may be determined whether a statutory provision is mandatory or directory. . . . In determining whether the Legislature intended the particular provision to be mandatory or merely directory, consideration should be given to the entire act, its nature and object, and the consequences that would follow from each construction."). We construe section 57.002(a) to impose on a court the mandatory duty to appoint a *certified* or *licensed* interpreter when the court appoints an interpreter. *See* TEX. GOV'T CODE ANN. § 57.002(a) (Vernon Supp. 2002) ("[a] court *shall* appoint a *certified* court interpreter or a *licensed* court interpreter") (emphasis added). However, we believe section 57.002(a)'s conditional clause – "if a *motion* for the appointment of an interpreter is filed by a party or *requested* by a witness," *id.* § 57.002(a) (emphasis added) – indicates that the legislature intended for courts to have discretion to determine whether the party or witness requires an interpreter. *See D.R.*, 894 S.W.2d at 94-95 (in statute providing that "[i]f the court finds that a motion to modify under Section 14.081 . . . is filed frivolously or is designed to harass a party, the court shall tax attorney's fees as costs against the offending party as provided by Section 11.18 of this code," the word "shall" merely directs the trial court to award the attorney fees as costs under section 11.18 but does not make the awarding of attorney fees mandatory). Furthermore, it would not be reasonable to construe section 57.002 to require a court to grant every motion or request for an interpreter. For example, the legislature would not have intended to require courts to appoint interpreters when the witness or party clearly does not require one or has requested the appointment of an interpreter in bad faith. *See* TEX. GOV'T CODE ANN. § 311.021 (Vernon 1998) (in enacting a statute, it is presumed that "a just and reasonable result is intended" and "a result feasible of execution is intended") (Code Construction Act).

## II. Questions

Your questions deal with spoken-language interpreters as opposed to interpreters for the deaf. Thus, we do not consider whether the right to the appointment of a interpreter for the deaf under the Civil Practice and Remedies Code or the Code of Criminal Procedure is broader than the right to a

certified interpreter under chapter 57 of the Government Code.[4] Nor do we address any issues raised by the interplay between Texas law on the appointment and payment of interpreters for the deaf and the Federal Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213 (2000). *See* Tex. Att'y Gen. Op. No. DM-411 (1996) at 9 (concluding that to the extent interpreter services are required to make court mandated services available to deaf or hearing-impaired persons on a non-discriminatory basis as required by the Americans with Disabilities Act, the costs of such services may not be imposed on those persons by taxing them as court costs).

All of your questions appear to pertain to the appointment of interpreters in justice courts. Because you mention Dallas County specifically, we assume that you are not asking about courts in counties with populations of less than 50,000 that have more flexibility with respect to the appointment of spoken-language interpreters under chapter 57. *See* TEX. GOV'T CODE ANN. § 57.002(c) (Vernon Supp. 2002) (exception for less populous counties). Given your interest in how court interpreters will be paid, we also assume that you do not ask about interpreters who are employed by courts on a full- or part-time basis and whose salaries are paid with county funds under chapter 152 of the Local Government Code. *See* discussion *supra* pp. 4-5.

To the extent your questions require us to interpret statutes, we must attempt to give effect to the legislature's intent. *See* TEX. GOV'T CODE ANN. §§ 311.021, .023 (Vernon 1998); *Mitchell Energy Corp. v. Ashworth*, 943 S.W.2d 436, 438 (Tex. 1997). To do so, we construe a statute according to its plain language. *See RepublicBank Dallas, N.A. v. Interkal, Inc.*, 691 S.W.2d 605, 607-08 (Tex. 1985); *Bouldin v. Bexar County Sheriff's Civil Serv. Comm'n*, 12 S.W.3d 527, 529 (Tex. App.–San Antonio 1999, no pet.). Words and phrases that have acquired a technical or particular meaning, by legislative definition or otherwise, must be construed accordingly. *See* TEX. GOV'T CODE ANN. § 311.011(b) (Vernon 1998). Otherwise, words and phrases must be read in context and construed according to the rules of grammar and common usage. *Id.* § 311.011(a). Finally, when a statute is ambiguous, we may consider, among other things, the object sought to be attained, the circumstances under which a statute was enacted, legislative history, and the consequences of a particular construction. *See id.* § 311.023; *see also id.* § 311.021 (in enacting a statute, it is presumed that "a just and reasonable result is intended" and "a result feasible of execution is intended").

---

[4]*Compare* TEX. CIV. PRAC. & REM. CODE ANN. § 21.002(a) (Vernon 1997) ("In a civil case or in a deposition, a deaf person who is a party or witness *is entitled* to have the proceedings interpreted by a court-appointed interpreter.") (emphasis added) and TEX. CODE CRIM. PROC. ANN. art. 38.31(a) (Vernon Supp. 2002) ("If the court is notified by a party that the defendant is deaf and will be present at an arraignment, hearing, examining trial, or trial, or that a witness is deaf and will be called at a hearing, examining trial, or trial, the court *shall* appoint a qualified interpreter") (emphasis added), *with* TEX. GOV'T CODE ANN. § 57.002(a) (Vernon Supp. 2002) ("A court shall appoint a certified court interpreter or a licensed court interpreter *if a motion for the appointment of an interpreter is filed by a party or requested by a witness* in a civil or criminal proceeding in the court.") (emphasis added).

### A. Appointment of Interpreter for Plea in a Misdemeanor Case

First, you ask a multi-part question about chapter 57's application when a defendant enters a plea in a misdemeanor case:

> What is a "proceeding in the court"? If an individual who appears to enter a plea in a misdemeanor case in a justice court (most pleas in justice courts are made at the counter by having the defendant fill out a plea sheet) and who does not speak English asks for assistance from a clerk of the court, is this a proceeding in the court and would the court be required to appoint a licensed interpreter under the provisions of Ch. 57 Texas Government Code?

Request Letter, *supra* note 1, at 2 (question 1(a)). You also ask whether "a clerk of the court assisting such an individual [would] be in violation of this law if the clerk is not licensed or certified as an interpreter" and whether "the court [would] be in jeopardy of violating the law by allowing a clerk under these circumstances to assist an individual?" *Id.* (question 1(b)). Your query goes to several different issues – what constitutes a "criminal proceeding in the court"; when chapter 57's appointment and criminal provisions apply; what constitutes a motion for the appointment of an interpreter; and the relationship between chapter 57's requirements and article 38.30 of the Code of Criminal Procedure.

A defendant's plea in a criminal misdemeanor case is a step in a "criminal proceeding in the court" subject to chapter 57. Section 57.002(a) provides that "[a] court shall appoint a certified court interpreter or a licensed court interpreter if a motion for the appointment of an interpreter is filed by a party or requested by a witness in a civil or *criminal proceeding in the court*." TEX. GOV'T CODE ANN. § 57.002(a) (Vernon Supp. 2002) (emphasis added). A misdemeanor action in justice court is a criminal proceeding. *See* TEX. CONST. art. V, § 19 ("Justice of the peace courts shall have original jurisdiction in *criminal matters of misdemeanor cases* punishable by fine only, exclusive jurisdiction in civil matters where the amount in controversy is two hundred dollars or less, and such other jurisdiction as may be provided by law.") (emphasis added). We construe the language "in the court" not to require that the proceeding occur in the courtroom but rather that the particular proceeding be before the court to which the motion or request for appointment of an interpreter is made. In Attorney General Opinion JC-0579 (2002), this office concluded that chapter 57 requires the appointment of interpreters in grand jury proceedings, proceedings that take place outside a courtroom, *see* TEX. CODE CRIM. PROC. ANN. arts. 20.01 (Vernon 1997) (grand jury room), 20.011 (Vernon Supp. 2002) (limiting who may attend grand jury proceedings in grand jury room), but that are subject to a court's jurisdiction, *see, e.g., id.* arts. 19.07, 19.22, 19.26 (Vernon Supp. 2002), 19.35 (Vernon 1997), 20.06, 20.21-.22 (Vernon Supp. 2002). In light of the statute's remedial purpose, we adopted a broad interpretation of the phrase "criminal proceeding" to include "all possible steps in an action from its commencement to its execution." Tex. Att'y Gen. Op. No. JC-0579 (2002) at 2-3. This broad reading would include the taking of a plea.

But our conclusion that a plea in a misdemeanor case is within the scope of section 57.002(a) does not mean that a court clerk who assists a defendant in filing a plea by conversing with the defendant in a language other than English necessarily violates chapter 57. Chapter 57 does not preclude a court clerk from conversing with a defendant in another language, provided that the clerk is not acting as a translator between the defendant and a third person. Under the relevant criminal provision, section 57.049, a person may not "advertise, represent to be, or act as a licensed court interpreter unless the person holds an appropriate license under this subchapter." TEX. GOV'T CODE ANN. § 57.049 (Vernon Supp. 2002). Chapter 57 defines the term "licensed court interpreter," *see id.* § 57.001(5), but it does not define what it means to act as a licensed court interpreter. Under the Code Construction Act, "[w]ords and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly." *Id.* § 311.011(a) (Vernon 1998). "Court interpreter," or "interpreter," is a technical legal term that refers to a person "sworn at a trial to accurately translate the testimony of a witness who is deaf or who speaks a foreign language." BLACK'S LAW DICTIONARY 824 (7th ed. 1999). The duties of a court interpreter are also spelled out by statutes requiring interpreters for the deaf to take an oath that they will make a true translation to the deaf person of the proceedings and repeat the deaf person's answers to questions to counsel, court, and jury using the interpreter's "best skill and judgment." TEX. CIV. PRAC. & REM. CODE ANN. § 21.005(a) (Vernon 1997); TEX. CODE CRIM. PROC. ANN. art. 38.31(e) (Vernon Supp. 2002); *see also* TEX. R. EVID. 604 ("An interpreter is subject to the provisions of these rules relating to qualification as an expert and the administration of an oath or affirmation to make a true translation."). Thus, to "act as a court interpreter" means to translate proceedings for a party or witness or to translate a party's or witness's testimony to others in the proceedings, serving as a conduit of information between the party or witness and other parties to the proceedings. This is the conduct for which chapter 57 requires a person to have a license or certificate. Section 57.049 does not apply when a court clerk merely converses with a defendant in another language, even if the clerk assists the defendant, provided that the clerk is not acting as a translator between the defendant and the court or another third person.

You also ask what constitutes a motion under section 57.002 in the context of a misdemeanor action in justice court. According to the plain language of section 57.002, the defendant, who is a party to the proceeding, must move for the appointment of an interpreter in order for chapter 57's appointment requirement to apply. *See* TEX. GOV'T CODE ANN. § 57.002(a) (Vernon Supp. 2002) (requiring the appointment of an interpreter "if a *motion* for the appointment of an interpreter is *filed* by *a party* or requested by a witness") (emphasis added). In criminal proceedings in justice court, "[a]ll pleading of the defendant . . . may be oral or in writing as the court may direct." TEX. CODE CRIM. PROC. ANN. art. 45.021 (Vernon Supp. 2002). Thus, whether or not a defendant in justice court "who does not speak English" and who "asks for assistance from a clerk of the court" to enter a plea has moved for appointment of an interpreter will depend upon the circumstances and, in the first instance, is a matter for the court taking the plea. And, as we have noted, the court may grant or deny a motion for an interpreter based on the court's assessment of the defendant's ability to communicate in English. *See* discussion *supra* p. 7.

In the situation you describe, a court must also consider the requirements of article 38.30 of Code of the Criminal Procedure and the defendant's constitutional rights. As provisions providing

for the appointment of interpreters fall under the general rubric of evidentiary rules, *see* TEX. CODE CRIM. PROC. ANN. ch. 38 (Vernon Supp. 2002) (entitled "Evidence in Criminal Actions"); TEX. R. EVID. 604 ("An interpreter is subject to the provisions of these rules relating to qualification as an expert and the administration of an oath or affirmation to make a true translation."), article 38.30 applies in criminal proceedings in justice court, *see* TEX. CODE CRIM. PROC. ANN. art. 45.011 (Vernon Supp. 2002) ("The rules of evidence that govern the trials of criminal actions in the district court apply to a criminal proceeding in a justice or municipal court.").

Article 38.30 requires the appointment of a spoken-language interpreter when "it is determined that a person charged or a witness does not understand and speak the English language." *Id*. art. 38.30(a). In addition, given a defendant's constitutional right to confront witnesses and understand the proceedings, a court must appoint an interpreter if the court is aware that the defendant does not speak English and cannot understand the proceedings, unless the defendant waives that right. *See* cases cited *supra* pp. 3-4. A defendant who enters a guilty plea waives the right to confront witnesses. Thus, when taking a guilty plea, the court must consider whether the defendant requires an interpreter in order to intelligently and voluntarily waive his right to confrontation. *See Briones v. State*, 595 S.W.2d 546, 547-48 (Tex. Crim. App. 1980) ("The question involved in the case at bar is not whether the failure to appoint an interpreter denied the appellant's right to confrontation. Rather the question is whether the failure to appoint an interpreter prevented the appellant from intelligently and voluntarily waiving his right to confrontation and entering a plea of nolo contendere."). Whether a defendant requires the assistance of an interpreter to enter a guilty plea is a question of fact for the trial court in the first instance.

Finally, your first question raises the relationship between article 38.30 of the Code of Criminal Procedure and chapter 57 of the Government Code. When a court appoints a spoken-language interpreter in a criminal case, we conclude that chapter 57 establishes the requisite interpreter qualifications. Therefore, the interpreter must be licensed under chapter 57 unless the section 57.002(c) exception applies.

Unlike article 38.31, which establishes qualifications for interpreters for the deaf, article 38.30 does not establish qualifications for spoken-language interpreters. *Compare* TEX. CODE CRIM. PROC. ANN. art. 38.30(a) (Vernon Supp. 2002) ("Any person may be subpoenaed, attached or recognized in any criminal action or proceeding, to appear before the proper judge or court to act as interpreter therein, under the same rules and penalties as are provided for witnesses."), *with id*. art. 38.31(g)(2) (specific qualifications for interpreters for the deaf). Prior to the enactment of chapter 57, a spoken-language interpreter appointed in a criminal case was "not required to have specific qualifications or training." *Kan v. State*, 4 S.W.3d 38, 41 (Tex. App.–San Antonio 1999, pet. ref'd) ("The competency of an individual to act as an interpreter is a question for the trial court, and absent a showing of abuse of discretion, that determination will not be disturbed on appeal.").

While chapter 57 does not expressly state that spoken-language interpreters appointed under article 38.30 must be licensed interpreters, we construe chapter 57 to govern the qualifications of interpreters appointed under article 38.30 because the legislature intended chapter 57's licensing requirements to apply in all civil and criminal proceedings. Section 57.049, which provides that "[a]

person may not advertise, represent to be, or act as a licensed court interpreter unless the person holds an appropriate license under this subchapter," TEX. GOV'T CODE ANN. § 57.049 (Vernon Supp. 2002); *see also id.* § 57.050, indicates that the legislature intended chapter 57's licensing requirements to apply to anyone who acts as a spoken-language court interpreter in a civil or criminal proceeding in Texas. This intent is also evident in the special provision for the certification or licensing of persons acting as court interpreters prior to chapter 57's effective date. *See* Act of May 28, 2001, 77th Leg., R.S., ch. 1139, § 5, 2001 Tex. Gen. Laws 2537, 2541. Furthermore, chapter 57's qualifications for interpreters for the deaf are consistent with the qualifications for interpreters for the deaf appointed under chapter 21 of the Civil Practice and Remedies Code and article 38.31 of the Code of Criminal Procedure. *See* TEX. GOV'T CODE ANN. § 57.001(1) (Vernon Supp. 2002) (A "[c]ertified court interpreter" is an interpreter for the deaf "who is a qualified interpreter as defined in Article 38.31, Code of Criminal Procedure, or Section 21.003, Civil Practice and Remedies Code, or certified under Subchapter B by the Texas Commission for the Deaf and Hard of Hearing to interpret court proceedings for a hearing-impaired individual."). The legislative history of chapter 57 indicates that the legislature intended to standardize qualifications for both interpreters for the deaf and spoken-language interpreters throughout the Texas judicial system. *See* HOUSE COMM. ON JUDICIAL AFFAIRS, BILL ANALYSIS, Tex. H.B. 2735, 77th Leg., R.S. (2001) ("House Bill 2735 provides a program for certification of court interpreters to aid non-English speaking and hearing-impaired individuals."); SENATE COMM. ON JURISPRUDENCE, BILL ANALYSIS, Tex. H.B. 2735, 77th Leg., R.S. (2001) ("The Texas judicial system does not have a statewide standard for interpreters who assist these participants. H.B. 2735 sets forth provisions for the establishment and administration of programs for the certification of court interpreters to aid non-English speaking and hearing-impaired individuals within the judicial system.").

## B. Appointment of Interpreter in Certain Juvenile Proceedings

You also ask about the appointment of interpreters for parents in proceedings involving juveniles under article 45.0215 and article 45.054 of the Code of Criminal Procedure. Under article 45.0215, a justice of the peace must issue a summons to compel a juvenile defendant's parent, guardian, or managing conservator to be present during the taking of the defendant's plea and other proceedings. *See* TEX. CODE CRIM. PROC. ANN. art. 45.0215(a)(2) (Vernon Supp. 2002). If the court is not able to secure the appearance of the defendant's parent, guardian, or managing conservator, "the court may . . . take the defendant's plea and proceed against the defendant." *Id.* art. 45.0215(b). Article 45.054 authorizes a justice court that makes a finding that an individual has failed to attend school under section 25.094 of the Education Code to enter an order that imposes certain conditions on the individual's parents and to require the parents' attendance at a hearing. *See id.* § 45.054(a)(3) (authorizing order that individual and parent attend class), (b) (providing that order under subsection (a)(3) enforceable by contempt), (c) (authorizing court to summon parent to hearing), (d) (parent who fails to attend hearing after receiving notice commits class C misdemeanor). In light of these two provisions you ask:

> If the parent or guardian, who may or may not be a witness but
> is required to be in attendance and subject to sanctions, cannot speak

> English must the court appoint a licensed interpreter before proceeding with the respondent juvenile's hearing?

Request Letter, *supra* note 1, at 2 (question 1(c)).  Our answer to this question assumes that the parent cannot communicate in English and requires an interpreter.

Again, chapter 57 requires a justice court to appoint "a licensed court interpreter if a motion for the appointment of an interpreter is filed by a party or requested by a witness in a civil or criminal proceeding in the court." TEX. GOV'T CODE ANN. § 57.002(a) (Vernon Supp. 2002). A juvenile proceeding under chapter 45 of the Code of Criminal Procedure constitutes a criminal proceeding within the meaning of chapter 57. *See* Tex. Att'y Gen. Op. No. JC-0579 (2002) at 2-3.

A court must appoint a licensed interpreter for a parent who is a witness in a proceeding and who requests the appointment of a spoken-language interpreter. *See* TEX. GOV'T CODE ANN. § 57.002(a) (Vernon Supp. 2002) . A court also must appoint a licensed interpreter for a parent under chapter 57 if the parent is a party to the proceeding and he or she files a motion for the appointment of a spoken-language interpreter. *See id.* Unless the court has specifically named the parent as a party, a parent does not appear to be a party to the proceedings about which you ask. Chapter 57 does not define the term "party." The term "party" is a technical legal term that refers to "[o]ne by or against whom a lawsuit is brought." BLACK'S LAW DICTIONARY 1144 (7th ed. 1999); *see also* TEX. GOV'T CODE ANN. § 311.011(b) (Vernon 1998) ("Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly."). This office construed the term "party" in section 21.002 of the Civil Practice and Remedies Code, which requires the appointment of an interpreter in a civil case for a party who is deaf, to include only a person who has been named as a party by the court or who is deemed a party by statute. *See* Tex. Att'y Gen. Op. No. DM-411 (1996) at 9 (concluding that "[a] custodial relative not included within [Family Code] section 51.02(10)'s list of parties who is not a witness to the proceedings is not entitled as a matter of law to the services of an interpreter" under section 21.002 of the Civil Practice and Remedies Code).

Unlike the Family Code's juvenile justice provisions, which expressly define the term "party" to include a juvenile's parent, *see* TEX. FAM. CODE ANN. § 51.02(10) (Vernon 2002) , chapter 45 of the Code of Criminal Procedure does not define the term. And neither of the two provisions you ask about names a juvenile's parent as a party to the proceeding. However, while article 45.0215 merely requires that a court summon a parent to attend a proceeding involving his or her child, article 45.054 authorizes a court to impose conditions and sanctions against a parent. If a court contemplates imposing conditions or sanctions against a parent, then we believe the court should treat the parent as a witness or a party. As noted above, spoken-language interpreters appointed for parties or witnesses under article 38.30 of the Code of Criminal Procedure are paid with county funds. *See* TEX. CODE CRIM. PROC. ANN. art. 38.30(b) (Vernon Supp. 2002); *see also id.* art. 38.30(a) ("When a motion for appointment of an interpreter is filed by any party *or on motion of the court, in any criminal proceeding, it is determined that a person charged or a witness does not understand and speak the English language, an interpreter must be sworn to interpret for him.*") (emphasis added).

### C. Appointment of Interpreter When there is No Person Licensed to Interpret in a Particular Language

In a related question, you ask what a court may do when a spoken-language interpreter in a particular language is not available or there is no individual licensed to interpret in that language:

> What may a court do when a court is required to appoint a licensed interpreter and no licensed interpreter for the needed language exists in Texas? To what lengths must a court go to find and appoint a licensed interpreter? As an example, if the only licensed interpreter for a particular language lives in El Paso, would a court in Dallas be required under this law to appoint that interpreter and pay or require the parties to a civil suit to pay for the interpreter's costs? If no licensed interpreter for a particular language exists in Texas, could a court allow a non licensed individual to interpret? Or, would the individual interpreting be in violation of Chapter 57 and possibly be committing a Class A misdemeanor?

Request Letter, *supra* note 1, at 3 (question 3).

Chapter 57 of the Government Code, in requiring the appointment of a *licensed* interpreter, modifies a court's authority under Rule 183 of the Rules of Civil Procedure or article 38.30 of the Code of Criminal Procedure to select a spoken-language interpreter. Significantly, chapter 57 requires the appointment of a licensed interpreter, with only one exception. *See* TEX. GOV'T CODE ANN. § 57.002(a), (c) (Vernon Supp. 2002). That exception specifically permits the appointment of an unlicensed interpreter, but only in a county with a population of less than 50,000. *See id.* § 57.002(c). Thus, if the only person who is licensed to interpret in a particular language under Government Code chapter 57, subchapter C resides in a distant location, a court in a populous county would still be required to appoint that person. As discussed more extensively below, *see infra* Part II.F, a court in a civil case would direct payment of the interpreter under the Civil Practice and Remedies Code and the Rules of Civil Procedure or other applicable law.

On the other hand, if there is no interpreter licensed under subchapter C to interpret in a particular language, a court will have no option other than to appoint an interpreter who is not licensed. Indeed, such a course may be necessary in order to protect the rights of a party or witness to a proceeding and thus within a court's inherent power. *See* TEX. GOV'T CODE ANN. § 21.001 (Vernon Supp. 2002) (inherent power and duty of courts). We presume that an unlicensed person who acts as an interpreter pursuant to an appointment under the section 57.002(c) exception (and who does not hold him- or herself out as a licensed court interpreter) does not violate chapter 57, *see id.* § 57.049 ("A person may not advertise, represent to be, or act as a *licensed* court interpreter unless the person holds an appropriate license under this subchapter.") (emphasis added), even though this exception is not expressly referenced in section 57.049, *see id.* By analogy, we believe that if a court makes a finding that there is no interpreter licensed under subchapter C to interpret in a particular language and if the person who is appointed to interpret in these circumstances does not

represent him- or herself to be a licensed interpreter, that person would not violate section 57.049. *See id.*

### D. What Constitutes a Motion or Request for an Interpreter in a Civil Proceeding

You ask whether, in a civil proceeding, a party's or witness's statement in court that "I don't speak English" "constitute[s] a motion or request for purposes of Ch. 57.002(a) Texas Government Code?" Request Letter, *supra* note 1, at 2 (question 2(b)). While we can provide some guidance with respect to this question, whether a witness has requested the appointment of an interpreter or a party has filed a motion for the appointment of an interpreter is ultimately a question that must be resolved by the court.

In the context of a civil action, chapter 57 appears to require that a party file a written motion for the appointment of an interpreter. Again, section 57.002 requires the appointment of a licensed court interpreter "if a *motion* for the appointment of an interpreter is *filed* by a party." TEX. GOV'T CODE ANN. § 57.002(a) (Vernon Supp. 2002) (emphasis added). In using the terms "motion" and "filed," section 57.002 appears to contemplate written motions. In justice court, however, "pleadings shall be oral, except where otherwise specially provided." TEX. R. CIV. P. 525. Furthermore, nothing precludes a court from granting a party's oral motion or request for appointment of an interpreter, or from appointing an interpreter on its own motion. *See* TEX. GOV'T CODE ANN. § 57.002(b) (Vernon Supp. 2002) ("A court may, on its own motion, appoint . . . a licensed court interpreter."); *see also* TEX. R. CIV. P. 183 (authorizing a court to appoint an interpreter).

A witness may request the appointment of an interpreter in an oral statement. With respect to witnesses, section 57.002's appointment requirement is triggered "if . . . requested by a witness." TEX. GOV'T CODE ANN. § 57.002(a) (Vernon Supp. 2002). In contrast to a "motion," which is "filed" by a party, *see id.*, the term "request" does not appear to specify a written pleading. Whether a witness's statement in court that "I don't speak English" constitutes a request for the appointment of an interpreter will depend upon the circumstances and must be determined by the trial court in the first instance.

In either case, the court may grant or deny a motion or request for the appointment of an interpreter based on the court's assessment of the party's or witness's ability to communicate in English. *See* discussion *supra* p. 7.

### E. Appointment of Interpreter Requested by Parties in a Civil Case

With respect to civil proceedings, you also ask whether a court may "appoint a licensed interpreter who the parties . . . have agreed upon and who [the parties] have made arrangements for the payment of" when the parties "submit the interpreter's name to the court for appointment of the interpreter by the court." Request Letter, *supra* note 1, at 3 (question 2(f)).

A court may appoint a licensed interpreter who has been agreed upon and requested by the parties in a civil case and whom the parties have arranged to pay. Rule 183 of the Rules of Civil

Procedure authorizes a court to appoint an interpreter of its own selection and to direct payment of the interpreter. Section 57.002 of the Government Code modifies that authority by requiring a court to appoint a licensed interpreter. Neither the statute nor the rule preclude a court from choosing to appoint a licensed interpreter requested by the parties whom the parties have arranged to pay.

### F.  Payment of Interpreters

Finally, we address your questions about payment of interpreters under chapter 57. You ask several general questions about payment of spoken-language interpreters in civil proceedings:

> In civil proceedings, when "a motion for the appointment of an interpreter is filed by a party or requested by a witness" may the court require the movant or the requesting party to pay an amount to the court as security for the cost of the interpreter which the court will appoint? Does it make a difference if the movant or the requesting party is a defendant or witness for the defendant or a plaintiff or witness for the plaintiff?
>
> If a defendant movant or witness for the defendant who requests an interpreter in a civil matter declares an inability to pay the costs, is the County responsible for the costs of an interpreter? Or may the court require the plaintiff to pay for an interpreter's services as costs of court and leave it to the plaintiff to collect from the defendant should the plaintiff prevail?
>
> If a plaintiff movant or witness for plaintiff who requests an interpreter in a civil matter declares an inability to pay the costs, is the County responsible for the costs of an interpreter?

Request Letter, *supra* note 1, at 2 (question 2(c)-(e)). As noted above, we assume you intend to ask about interpreters appointed to serve in particular cases and not interpreters who are employed by the county and paid by the county under chapter 152 of the Local Government Code.

Chapter 57 of the Government Code modifies the law with respect to when an interpreter must be appointed and prescribes interpreter qualifications, but it does not address the payment of interpreters. The law in this area is unchanged. A court retains its authority under the Rules of Civil Procedure and the Civil Practice and Remedies Code to fix an interpreter's compensation and to direct how an interpreter will be paid. Rule 183 of the Texas Rules of Civil Procedure provides that "[t]he compensation [of an interpreter] shall be paid out of funds provided by law or by one or more of the parties as the court may direct, and may be taxed ultimately as costs, in the discretion of the court." TEX. R. CIV. P. 183. In addition, the Civil Practice and Remedies Code authorizes the "judge of any court" to "include in any order or judgment all costs, including . . . interpreters . . . and . . . such other costs and fees as may be permitted by these rules and state statutes." TEX. CIV. PRAC. & REM. CODE ANN. § 31.007 (Vernon 1997). A special justice court rule provides that "[t]he

successful party in the suit shall recover his costs, except in cases where it is otherwise expressly provided." TEX. R. CIV. P. 559.

Whether a county may ultimately be responsible for paying an interpreter's fees will depend upon the nature of the civil action. As a general matter, counties are not responsible for paying spoken-language interpreters' fees in civil actions. Chapter 57 does not expressly impose this obligation on counties, and the legislative history does not indicate that the legislature intended chapter 57 to have that effect. *See* FISCAL NOTE, Tex. H.B. 2735, 77th Leg., R.S. (2001) ("No significant fiscal implication to units of local government is anticipated."). We note, however, that specific provisions that predate chapter 57 may require a county to pay interpreter fees as costs in certain kinds of actions in particular situations. *See, e.g.*, TEX. HEALTH & SAFETY CODE ANN. §§ 571.017 (Vernon 1992), .018 (Vernon Supp. 2002) (mental health proceedings); TEX. PROB. CODE ANN. § 665A (Vernon Supp. 2002) ("If after examining the proposed ward's assets the court determines the proposed ward is unable to pay for services provided by an attorney, a mental health professional, or an interpreter appointed under Section 646 or 687 of this code, as applicable, the county is responsible for the cost of those services.").

With respect to payment, you also ask a question about a specific situation. You explain that justice courts in Dallas County "have been instructed by the Dallas County Commissioners Court to use interpreters from the County's contract vendor which provides language interpreters for the courts." Request Letter, *supra* note 1, at 2. You also state that "[b]ecause of this contractual relationship with the County, this vendor will always look to the County for payment when its interpreters are requested." *Id.* You ask, "[i]n light of the language contained in Rule 183, can a court be required by a commissioners court to only appoint interpreters under a contract between the county and an interpreter service?" *Id.* (question 2(a)). Again, we assume you do not intend to ask about the payment of interpreters who are court employees and whose salaries are paid by the county.

In short, we conclude that a commissioners court is not authorized to require a court to appoint interpreters from an interpreter service under contract with the county. A commissioners court's authority is limited to exercising "such powers and jurisdiction over all county business" as is conferred by the constitution and statutes. TEX. CONST. art. V, § 18(b). The authority of the commissioners court to contract on behalf of the county is limited to that conferred either expressly or by necessary implication by the constitution and laws of this state. *See Jack v. State*, 694 S.W.2d 391, 397 (Tex. App.–San Antonio 1985, writ ref'd n.r.e.) (citing *Childress County v. State*, 92 S.W.2d 1011, 1016 (Tex. 1936); *Wilson v. County of Calhoun*, 489 S.W.2d 393, 397 (Tex. Civ. App.–Corpus Christi 1972, writ ref'd n.r.e.)). Again, chapter 57 of the Government Code does not address the payment of interpreters. Rule 183 of the Rules of Civil Procedure and article 38.30 of the Code of Criminal Procedure control.

In the civil context, Rule 183 of the Texas Rules of Civil Procedure expressly provides that a court may appoint an interpreter of its own selection. *See* TEX. R. CIV. P. 183 ("The court may appoint an interpreter of its own selection and may fix the interpreter's reasonable compensation."). No statute gives a commissioners court the authority to direct a court to appoint a specific interpreter or to otherwise limit a court's discretion to appoint an interpreter of its own selection in civil cases

generally. We also note that Rule 183 does not, as a general matter, provide that a county will pay the costs of an interpreter. *See id.* ("The compensation shall be paid out of funds provided by law or by one or more of the parties as the court may direct, and may be taxed ultimately as costs, in the discretion of the court."). *But see* statutes cited *supra* p. 17.

In the criminal context, article 38.30(a) of the Code of Criminal Procedure does not expressly state that a court may select a spoken-language interpreter of its own choosing, *see* TEX. CODE CRIM. PROC. ANN. art. 38.30(a) (Vernon Supp. 2002), but we conclude that it gives a court this authority. First, subsection (a)'s statement that "[a]*ny person* may be subpoenaed, attached or recognized in any criminal action or proceeding, to appear before the proper judge or court to act as interpreter therein," *id.* (emphasis added), suggests that judges have the discretion to select interpreters. In addition, although subsection (b) of article 38.30 provides that interpreters will be paid from county general funds, it gives a commissioners court no authority with respect to the selection of interpreters. *See id.* art. 38.30(b). It also establishes that an interpreter shall be paid not less than $15 nor more than $100 a day "at the discretion of the judge presiding." *Id.* Furthermore, subsection (c), which authorizes a commissioners court to set a payment schedule and to expend funds for the services of court interpreters in excess of the range established by subsection (b), does not authorize a commissioners court to select interpreters. Accordingly, we conclude that article 38.30 vests a court with the discretion to select an interpreter in a criminal case and requires a county to pay an interpreter selected by a court.

Finally, we note that neither Rule 183 nor article 38.30 precludes a court from selecting an interpreter from an interpreter service under contract with the county if the court chooses to do so. In either case, the appointment must comply with chapter 57 of the Government Code.

### S U M M A R Y

Chapter 57 of the Government Code applies to a plea in a misdemeanor case in justice court. A court clerk who merely converses with a defendant in a language other than English does not "act as a licensed court interpreter" within the meaning of chapter 57. In either a civil or criminal proceeding, whether a party has filed a motion for or a witness has requested the appointment of an interpreter will depend upon the facts and is a question for the trial court in the first instance. The court may grant or deny such a motion or request. In a criminal proceeding, a court must also take into account the defendant's constitutional right to an interpreter and article 38.30 of the Code of Criminal Procedure. Chapter 57 establishes qualifications for spoken-language interpreters appointed in criminal cases under the authority of article 38.30.

If the only person who is licensed to interpret in a particular language resides in a distant location, a court in a populous county would be required to appoint that person. On the other hand, if there is no interpreter licensed to interpret in a particular language, the appointment of an unlicensed person may be within a court's inherent power.

Chapter 57 does not alter preexisting law on the payment of appointed court interpreters. It does not require counties to pay for spoken-language interpreters in civil cases. Courts retain their authority under the Rules of Civil Procedure and the Civil Practice and Remedies Code to fix an interpreter's compensation and to direct how an interpreter will be paid in civil cases. A county may not require a court to select an interpreter from an interpreter service under contract with the county, although a court may choose to do so.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General, Opinion Committee